UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                  Case No. 23-46323

BRUCE A. SWAN, JR., and                                                 Chapter 13
TABITHA M. SWAN,
                                                                                            Judge Thomas J. Tucker
                         Debtors.
_____/

**ORDER REGARDING APPARENT IMPROPER JOINDER OF DEBTORS**

On July 19, 2023, the Debtors filed a joint voluntary petition for relief under Chapter 13, commencing this case. On page 1 of the bankruptcy petition, in the spaces next to Item 2, which requires the Debtors to list "[a]ll other names you have used in the last 8 years," the Debtor Bruce A. Swan, Jr. listed "FDBA Adaptive Metal Works, LLC."

In completing Item 2, an individual debtor should not list a business entity, such as here, a limited liability company. That is directly contrary to the instructions for Item 2, which say "Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition." The individual debtor is not considered to have "used" such a separate entity's business name, within the meaning of the question in Item 2. Rather, the information required by Item 2 is limited to trade names and doing-business-as names of the individual only, not of any other entity like a corporation or a limited liability company. A corporation and a limited liability company are separate entities from an individual debtor. An individual cannot do business as or be formerly known as a corporation or a limited liability company.

From the information given by the Debtors at Item 2, it appears that the Debtors may be attempting to join a limited liability company as a joint debtor in this bankruptcy case. A bankruptcy petition may not join two or more non-spousal entities. *See* 11 U.S.C. § 302. And a

limited liability company cannot be a debtor in Chapter 13; only an "individual" (*i.e.*, a human being) can be a debtor in Chapter 13. *See* 11 U.S.C. § 109(e). The inclusion of the name of a limited liability company as another name for the individual Debtor is an improper joinder that may cause creditors to wrongly conclude that the entity is actually a debtor in this bankruptcy case. This problem must be promptly remedied.

Therefore, no later than 7 days after the entry of this Order, the individual Debtors in this case must file an amended bankruptcy petition that removes all reference to a limited liability company in Item 2, so that it is clear that this entity has not filed bankruptcy in this case. If the individual Debtors wish to list in their schedules creditors whose debts are primarily the obligation of this entity, but with respect to which the Debtors feel they might be also personally liable, nothing prevents the Debtors from listing those debts and the creditors in their schedules.

Further, no later than 7 days after the entry of this Order, the Debtors must serve on all creditors: (1) a copy of this Order; (2) a copy of the amended petition; and (3) a notice stating that the only debtors in this case are the individual Debtors. The Debtors then must file a proof of such service, also no later than 7 days after the entry of this Order.

If the Debtors do not timely comply with all of the above requirements, the Court may dismiss this case, without further notice or hearing.

IT IS SO ORDERED.



**Signed on July 21, 2023**　　　　　　　　　　／s／ Thomas J. Tucker
　　　　　　　　　　　　　　　　　　　　　　　Thomas J. Tucker
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge